■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS CROOKS, Appellant. [995 NYS2d 73]—

Judgment, Supreme Court, New York County (Laura A. Ward, J., at motion to controvert search warrant; Lewis Bart Stone, J., at suppression hearing; Melissa C. Jackson, J., at plea and sentencing), rendered December 16, 2013, convicting defendant of criminal possession of marijuana in the first degree, and sentencing him to a term of five years' probation, unanimously affirmed.

The police action in this case was lawful at all stages. A detective saw defendant, a United Parcel Service employee, taking boxes from a UPS facility and placing them in his privately owned vehicle. Based on reliable information from knowledgeable UPS supervisors (*see Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]), including information about UPS policies and defendant's past pattern of behavior, and based on the absence of any other logical explanations for defendant's conduct, the detective objectively (*see Devenpeck v Alford*, 543 US 146, 153 [2004]) had probable cause to believe either that defendant was stealing the boxes, or that he was picking up a shipment of illegal drugs. Moreover, the police acted reasonably in detaining defendant and moving the boxes to a location where they could be sniffed by a trained dog, resulting in the dog's detection of drugs (*see People v Devone*, 15 NY3d 106 [2010]; *People v Dunn*, 77 NY2d 19 [1990], *cert denied* 501 US 1219 [1991]). The ensuing search warrant was lawfully issued, and it was not tainted by illegal police activity. The discrepancy between the warrant application and the affiant's testimony at a hearing does not require suppression. We have considered and rejected defendant's remaining arguments. Concur—Gonzalez, P.J., Tom, Renwick and Gische, JJ.